2011 UT App 285

**Shilo CASE, Petitioner,**

v.

**DEPARTMENT OF WORKFORCE SERVICES, Respondent.**

No. 20110474–CA.

Court of Appeals of Utah.

Aug. 25, 2011.

**218** ■ 

Shilo Case, Draper, Petitioner Pro Se.

Jaceson R. Maughan, Salt Lake City, for Respondent.

Before Judges ORME, VOROS, and ROTH.

### DECISION

PER CURIAM:

¶ 1 Petitioner Shilo Case seeks judicial review of a decision of the Workforce Appeals Board (Board) denying him unemployment compensation benefits. This case is before the court on a sua sponte motion for summary disposition.

¶ 2 The Department of Workforce Services denied unemployment insurance benefits because Case did not meet the monetary eligibility requirements of Utah Code section 35A–4–403(1)(f). *See* Utah Code Ann. § 35A–4–403(1)(f) (Supp.2008). On appeal, the decision of the Administrative Law Judge (ALJ) explained that Case had not earned one-and-one-half times his highest quarter of earnings during his base period or, under an alternative test, that he did not have twenty weeks of earnings during the base period. At the time of the hearing before the ALJ, Case was involved in litigation with his former employer, seeking to recover unpaid wages for services provided from April 1 through April 3, 2010. In that lawsuit, Case sought damages under Utah Code section 34–28–5, which governs wage disputes.[1] *See* Utah Code Ann. § 34–28–5 (2005). Case claimed that because the employer did not pay his final wages for several months after his separation, Case was allowed to accrue wages for sixty days after the last day worked according to section 34–28–5. The ALJ found that even if Case were awarded damages in the future, the Utah Employment Security Act (the Act), which governs unemployment insurance eligibility, did not define those damages as wages.

¶ 3 Before the Board, Case again contended that a period of sixty days should be added to his seventeen weeks of employment to make him eligible for unemployment benefits by establishing a base period of sufficient length. The Board found that "[f]or unemployment insurance purposes, wages are defined and governed by the provisions of the Utah Employment Security Act," and that the lawsuit against Case's former employer had no bearing on his unemployment case. The Board concluded that "[p]ursuant to the Act, the claimant may only count wages he earned through performing services." In contrast, any payment received as a result of the wage claim "would not be wages for services performed but would be something akin to damages awarded by the court."

¶ 4 In his petition for review, Case states that on May 25, 2011, he was awarded damages by the district court in the amount of $2399.94, attributable to wages for the period

---

1. Utah Code section 34–28–5(1) states,

 (1)(a) Whenever an employer separates an employee from the employer's payroll the unpaid wages of the employee become due immediately, and the employer shall pay the wages to the employee within 24 hours of the time of separation at the specified place of payment.

 (b)(i) In case of failure to pay wages due to an employee within 24 hours of written demand, the wages of the employee shall continue from the date of demand until paid, but in no event to exceed 60 days, at the same rate that the employee received at the time of separation.

 (ii) The employee may recover the penalty thus accruing to the employee in a civil action. This action must be commenced within 60 days from the date of separation....

 Utah Code Ann. § 34–28–5(1) (2005).

from April 4 through April 21, 2010. Case contends that this statutory penalty imposed under section 34–28–5–governing wage claims against an employer-should be deemed to be wages for purposes of the Act and also considered to augment his weeks of employment. Utah Code section 35A–4–208 of the Act defines "wages" for purposes of unemployment compensation. *See* Utah Code Ann. § 35A–4–208 (2005). Rule 994–208–101 of the Utah Administrative Code defines wages as "all payments for employment including the cash value of all payments in any medium other than cash." Utah Admin. Code R994–208–101(1). Wages for purposes of the Act "are for services that are employment." *Id.* Rule 994–208–102 of the Utah Administrative Code further defines wages as "[a]ll payments by the hour, by the job, piece rate, salary, or commission." *Id.* R994–208–102(1). The Board also relied upon provisions of rule 994–208–102 enumerating items that are included in the definition of wages and related provisions of rule 994–208–103 enumerating exclusions from the definition of wages. Neither rule demonstrates that a statutory penalty awarded in the civil suit as a sanction for a delay in payment of wages is included in the definition of wages. It is undisputed that Case did not provide services for his employer between April 4 and April 21, 2010–the period represented by the district court's award.

¶ 5 Case has demonstrated no legal or factual basis for his argument that the judgment awarded by the district court in his civil suit should be considered to augment his wages or his period of employment for purposes of determining eligibility for unemployment insurance benefits. Case has not challenged the decision of the Board denying him benefits on any other ground. Accordingly, we affirm.